IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MINGO, | ) | CASE NO. 4:19-cv-0478 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MARK WILLIAM, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

On March 4, 2019, Brian Mingo ("Mingo") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  His Petition was identified as pertaining to the First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1), 132 Stat. 5194 (2018), and he was appointed counsel.  Counsel thereafter filed a Supplement to the Petition.  Doc. 2.  Mingo argues that the First Step Act provides for a recalculation of good time credit in his favor, entitling him to an earlier release date.  Doc. 1; Doc. 2.

On June 3, 2019, Respondent filed a Motion to Dismiss for failure to state a claim, arguing that Mingo's Petition should be dismissed for two reasons: (1) Section 102(b)(1) of First Step Act, on which Mingo relies, is not yet in effect; and (2) Mingo has not exhausted his administrative remedies.  Doc. 6.  Mingo filed a response.  Doc. 7.  For the reasons discussed below, the undersigned recommends that the Court **DISMISS** Mingo's Petition, without prejudice, because the First Step Act is not effective yet.

## I. Law and Analysis

Under 28 U.S.C. § 2241, the writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States."  A petition for a writ of

habeas corpus pursuant to § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

### A. The First Step Act is not in effect yet

Section 102(b)(1) of the First Step Act of 2018 (the "Act") was signed into law on December 21, 2018, and amended 18 U.S.C. § 3624(b)(1). *See* PL 115-391. It permitted the Bureau of Prisons ("BOP") to give prisoners up to 54 days of good time credit for each year of sentence imposed on them by the court, as opposed to the formerly applicable 54 days per year of time actually served. *See id.*, Sec. 102(b)(1)(A). Under the latter calculation, prisoners were given (actually) up to 47 days of good time credit per year. Using the newly amended calculation, Mingo, who was sentenced to 60 months in prison, would receive 35 days of good time credit and be released on July 3, 2019, instead of his currently scheduled release date, August 7, 2019.

However, the Act is not yet in effect; therefore, Mingo cannot take advantage of the new calculation method. Section 102(b)(2) of the Act expressly states,

> (2) EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.

*Id.* Currently, the slated effective date is July 19, 2019. *See* 18 U.S.C. § 3632(a) ("Not later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop

2

and release publicly on the Department of Justice website a risk and needs assessment system...").[1]

Mingo argues that Congress originally intended the BOP to grant 54 days of good time credit per year, not 47 as the BOP has been calculating, and that, therefore, the Act corrected an error. Doc. 2, pp. 2-4. That may be, but it doesn't change the effective date of the Act.[2] Mingo contends that legislation aimed at remedying prior drafting oversights have been found to be immediately effective, citing *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991). Doc. 2, p. 8. But in *Gozlon-Peretz*, the statutory section at issue did not have an effective date. 498 U.S. at 404. Here, § 102(b) of the Act does.

Next, Mingo argues that the effective date of the Act only applies to § 102(b)(1)(B), but not the good time credit provisions in § 102(b)(1)(A). Doc. 2, pp. 4-5. This argument fails; the Act, as written, gives no indication that the effective date provision applies differently to the subsections within § 102(b) of the Act. Mingo attempts to tease out substantive differences in the subsections to support his argument that the effective date should be read to apply only to § 102(b)(1)(B), but the Court looks to the plain language and the design of the statute as a whole to interpret the plain meaning. *See United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) (courts look to "the language and the design of the statute as a whole" when interpreting the plain meaning); *United States v. Lorenz*, 2019 WL 2082280, *1 (N.D.Ohio May 13, 2019) (rejecting the petitioner's interpretation of the First Step Act as being effective immediately:

---

[1] The First Step Act was signed into law December 21, 2018; therefore the 210th day is July 19, 2019.

[2] Moreover, the BOP's calculation of good time credit (based on time served, not the sentence imposed) was upheld by the U.S. Supreme Court; it is a lawful interpretation of the good time credit calculation under 18 U.S.C. 3624(b). *See Barber v. Thomas*, 560 U.S. 474, 480 (2010) (rejecting inmate's challenge to the BOP's interpretation of § 3624(b), holding that the BOP's calculation of good time credit under § 3624(b) "is lawful").

"Lorenz's interpretative arguments to the contrary would require the Court to rewrite the law.").[3] Here, the effective date appears at the end of § 102(b) (which amended 18 U.S.C. § 3624) and states that it applies to "18 USCA § 3624." PL 115-391, § 102(b)(2). It does not state that it only applies to a certain sub-section. In short, the Act is not effective immediately, and Mingo is not currently entitled to additional good time credit under the Act.

### B. The Act's effective date does not violate Mingo's constitutional rights

Mingo argues that delaying the Act's good time credit would be arbitrary and capricious and violate his due process and equal protection rights. Doc. 2, pp. 8-10. Mingo's due process argument fails because he is not entitled to the new good time calculation. *See Lorenz*, 2019 WL 2082280, *1 (rejecting the petitioner's due process argument and finding he had no constitutional right to the new good time calculation; "If Congress was under no obligation to increase the good time credit at all, surely it is not under a constitutional obligation to increase it immediately."). Mingo's equal protection argument fails because he does not show that he is treated differently than other similarly situated persons. *See id*.

### B. Mingo has not exhausted his administrative remedies

It is undisputed that Mingo has not exhausted his administrative remedies. Doc. 1, pp. 3-4; Doc. 2, p. 10. Mingo argues that his failure to exhaust should be excused because the administrative remedy takes too long (up to 170 days) and would render his claim moot. Doc. 1, pp. 3-4; Doc. 2, pp. 10-11 (citing *Madigan v. McCarthy*, 503 U.S. 140, 146-149 (1992)). But 170 days from the date the Act was signed into law (December 21, 2018) or the date the BOP

---

[3] *See also United States v. Richards*, 2019 WL 2008572, at *4 (M.D.Tenn. May 7, 2019) ("Although Richards argues that the effective-date provision does not apply to the good-time fix, virtually every court in the country confronted with the question has concluded that it does and that, as a result, motions seeking relief under the FSA now are premature[,]" citing cases). Mingo has not identified any case law that has interpreted the good time credit portion of Act to be effective immediately.

4

issued a "Notice to Inmate Population" regarding the Act (January 7, 2019, Doc. 1-1) would be June 9 or 26, 2019, i.e., it would be prior to the effective date of the Act and prior to the release date Mingo alleges he is entitled to. Thus, Mingo has not shown that, had he exhausted his administrative remedies, his claim would have been rendered moot due to timing.

Moreover, the delay referenced in *McCarthy* refers to an unreasonable or indefinite timeframe for the administrative procedures. 503 U.S. at 146-146 (referencing administrative procedures with no time frame, an "indefinite[]" time frame, and a time frame of 10 years). Here, Mingo sets forth the time frame for the administrative procedure (Doc. 1, p. 3); 170 total days is a definite timeframe and is not unreasonable. *See also Lorenz*, 2019 WL 2082280, *2 ("[T]he irreparable harm exception is designed to cover instances where delays caused by the administrative process are the source of the harm. Here, by contrast, the alleged harm results from Congress' choice to delay implementation.").

Mingo also contends that a failure to exhaust is excused when the agency has indicated predetermination of the issue and asserts that the BOP's Notice that the Act is not immediately effective constitutes predetermination. Doc. 2, p. 11. Even if Mingo's failure to exhaust his remedy could be excused for this reason, he is not entitled to relief on the merits because the Act is not yet effective. Either way, Mingo's claim under the Act fails.

## II. Conclusion

For the reasons explained above, the undersigned finds that the First Step Act is not effective yet, and Mingo's Petition, in which he seeks a recalculation of good time credit based on the Act being effective immediately, fails. Accordingly, the undersigned recommends that the Court **DISMISS** his Petition without prejudice.

Dated: June 6, 2019

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).