UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Mingo,                                              Case No. 4:19-cv-0478

        Petitioner,

   v.                                                    MEMORANDUM OPINION
                                                                               AND ORDER

Mark Williams,

        Respondent.

Petitioner Brian Mingo seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing the First Step Act of 2018 requires the Federal Bureau of Prisons (the "BOP") to recalculate his good time credit and to release him at an earlier date. (Doc. No. 1; Doc. No. 2). Respondent filed a motion to dismiss Mingo's petition as premature, and because Mingo allegedly failed to exhaust his administrative remedies. (Doc. No. 6). Magistrate Judge Kathleen B. Burke reviewed Mingo's petition and the arguments of the parties pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 8). Mingo has filed timely objections to Judge Burke's Report and Recommendation. (Doc. No. 9). Respondent filed a brief in response to Mingo's objections. (Doc. No. 10). For the reasons stated below, I overrule Mingo's objections, adopt Judge Burke's recommendation, and dismiss Mingo's petition without prejudice.

The First Step Act amended § 3624(b)(1) of Title 18 of the United States Code by striking the language "beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," and replacing it with the language "of up to 54 days for each year of the prisoner's sentence imposed by the court." First

Step Act of 2018, § 102(b)(1)(A). This change has the practical impact of instructing the BOP to grant an additional seven days of good time credit per year. (Doc. No. 8 at 3).

Mingo asserts this change should have taken effect immediately upon the passage of the First Step Act. Respondent contends that, pursuant to the language of the statute, the First Step Act's amendment of the good time provision does not take effect until the United States Attorney General completes and releases a risk and needs assessment system as required by 18 U.S.C. 229, subchapter D. Judge Burke concurred with the Respondent's proposed interpretation of the statute and recommends I dismiss Mingo's petition.

## I. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

Judge Burke concluded (1) the First Step Act's amendments to § 3624(b)(1) have not yet taken effect and therefore Mingo has no right to the calculation procedure set forth in those amendments; (2) the delay in the First Step Act's effective date does not violate Mingo's due process and equal protection rights; and (3) Mingo did not exhaust his administrative remedies. (Doc. No.

2

8). Mingo objects to Judge Burke's conclusions and recommendations, arguing the good-time-credit amendments took effect immediately and that Mingo was not required to exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. No. 9).

The question of the effective date of the good-time-credit amendments has been the subject of extensive litigation throughout the United States over the past six months. It has been the apparently-universal conclusion of the district courts to have considered the issue that the changes to the good-time-credit provision do not take effect until July 2019. *See, e.g., United States v. Murgia*, No. 3:10-CR-0076-01-HRH, 2019 WL 2236067, at *2 (D. Alaska May 22, 2019) (holding the First Step Act "plainly states that the amendments in Section 102(b) do not take effect until the Attorney General releases the risk and needs assessment system, which is due on July 19, 2019," and collecting cases from throughout the United States); *Musgrove v. Ortiz*, No. CV 19-5222 (NLH), 2019 WL 2240563, at *3 (D.N.J. May 24, 2019) (holding the effective date contained in § 102(b)(2) applies to all of subsection (b), stating "[i]t is a general rule of legislative drafting that the lower-case letter under a section is referred to as a "subsection" and the numeral below the subsection is referred to as a "paragraph").

The court's order in *United States v. Walker* does not run counter to the conclusions of these courts. *See id*, Case No. 3:10-cr-00298-RRB-1, (D. Or., Feb. 7, 2019). The *Walker* court noted the government failed to respond to the merits of Walker's request, and specifically declined to make a determination of the merits of the legal issues in his case. *Id.* at 1. While the *Walker* court ordered the Bureau of Prisons to recalculate Walker's good time credit using the amended provision, that court specifically relied on "the equities of [Walker's] situation" and stated the relief ordered was for Walker's case only. *Id.* I conclude the *Walker* court's order does not provide a viable basis for disregarding the clear language of the statute.

3

Mingo is not entitled to the recalculation of his good time credit at this time – even if I determined Mingo had properly exhausted his administrative remedies or that any failure to exhaust should be excused as futile – because the First Step Act's amendments to § 3624(b) have not yet taken effect. *Rhodes v. United States*, No. 0:19-CV-047-HRW, 2019 WL 2273848, at *2 (E.D. Ky. May 28, 2019).

### III. CONCLUSION

For the reasons stated above, I overrule Mingo's objections to Judge Burke's Report and Recommendation. (Doc. No. 9). Mingo's petition for a writ of habeas corpus, (Doc. No. 1), is denied as premature.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge